ON APPLICATION FOR REHEARING
PER CURIAM.
John Hancock and Bullock apply for rehearing and argue again that the judgment of the trial court should be reversed on the same grounds argued on the original appeal. As to those issues argued on original appeal, and addressed by this Court in its opinion, the application for rehearing is due to be denied. Bullock also insists that this Court did not address in the original opinion the following question:
“Whether the trial court erred in excluding from evidence the physical examinations for life insurance completed by plaintiff's decedent with a different company which contained misrepresentations similar to those made by the plaintiff and her deceased husband on the policy at issue in the case before this Court?”
Bullock is correct in stating that this Court did not address this specific question on original deliverance, but after examining the record and the briefs of the parties, we were of the opinion that the trial judge did not err in excluding these documents. Our examination of the record indicates that no proper foundation was laid for the introduction of the documents.
The original opinion in this case was released on September 25, 1987. On September 30,1987, the trial judge issued an order in response to the remand under Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986); Harmon v. Motors Insurance Corp., 493 So.2d 1370 (Ala.1986); and Alabama Farm Bureau Mut. Cas. Ins. Co. v. Griffin, 493 So.2d 1379 (Ala.1986). Both appellants filed applications for rehearing within the 14-day limit set by Rule 40, Ala.R.App.P., and after the entry of the September 30 order. We now also have a brief filed by counsel for the appellee, which argues the issues on rehearing as well as the merits of the trial judge’s order on remand. We do not, at this time, rule on the issue of excessiveness of the verdict, but we adopt the following procedure to eliminate any future confusion over the briefing schedule on cases remanded under Hammond.
Our clerk has advised us that attorneys have frequently inquired whether an application for rehearing is appropriate when a case has been only remanded, as this one was. Because there is some con *725 fusion among the bar on this point, we take this opportunity to announce the following procedure to be used in cases remanded under Hammond v. City of Gadsden. When this Court remands a case to the trial court for entry of an order pursuant to the dictates of Hammond, this Court retains jurisdiction of the case, and its order issued at the time of remand is not final, for purposes of Rule 40, Ala.R.App.P. After return to the remand, the parties will be given an opportunity to file briefs challenging or supporting the Hammond order, after which this Court will issue a final judgment in the case. That judgment will be final for the purposes of Rule 40, Ala.R. App.P. On application for rehearing, the parties may attack not only the original judgment of this Court, but the trial court’s ruling on the damages issue as well, which is presented on the return to the remand.
Based on the foregoing, we are of the opinion that the application for rehearing is due to be denied.
OPINION EXTENDED; APPLICATION OVERRULED.
MADDOX, JONES, ALMON, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., and BEATTY, HOUSTON and STEAGALL, JJ., concur, in part; and dissent, in part.